IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDWIN PEREZ,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| V. ) | Civil No. **04-422-WDS** |
| ) | |
| **ROGER E. WALKER,** ) | |
| ) | |
| Respondent. ) | |

### REPORT AND RECOMMENDATION

Petitioner Edwin Perez, proceeding *pro se*, is seeking a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254. More specifically, petitioner alleges that he lost a year's worth of good conduct credits as a result of a prison disciplinary hearing whereby he was denied due process. Petitioner was incarcerated at Tamms Correctional Center when he filed the subject petition, but he has since been released from prison. **(Docs 1 and 20).**

The respondent warden, Roger E. Walker, has moved to dismiss the petition, asserting that Perez has failed to exhaust administrative remedies, as required by 28 U.S.C. § 2254(b)(1)(A), *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001); and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-848 (1999). **(Doc. 11).** In response, petitioner asserts that the Appellate Court of Illinois, Fifth District, addressed the merits of his due process claim in its order affirming the denial of his petition for writ of certiorari on procedural grounds, thereby satisfying the exhaustion requirement. **(Doc. 19).**

This Report and Recommendation is respectfully submitted to United States District Judge William D. Stiehl pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

**Possible Mootness**

Section 2254 requires the petitioner to be "in custody," which includes release on parole. *See Cochran v. Buss*, 381 F.3d 637, 639-640 (7th Cir. 2004). Therefore, petitioner's release from prison does not automatically render his petition moot. However, "collateral consequences" of the alleged constitutional violation must continue to exist for there to be a "case or controversy" for decision. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* **(quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)).** A challenge to the validity of conviction is presumed to satisfy the case or controversy requirement; however, if the challenge is solely to the sentence, and that sentence has expired, there is no such presumption. *Id.* **at 7-1;** *Lane v. Williams*, **455 U.S. 624, 631 (1982).**

The petitioner bears the burden of proving the continuing collateral consequences of a prison disciplinary sanction. *Diaz v. Duckworth*, **143 F.3d 345, 346 (7th Cir. 1998) (applying** *Spencer v. Kemna*); *see also Carr v. O'Leary*, **167 F.3d 1124, 1127 (7th Cir. 1999) (indicating in dictum that an Illinois inmate released from prison can no longer bring a habeas corpus proceeding to challenge a prison disciplinary sanction).** In the present situation, petitioner requests only that the disciplinary report be expunged from his record, and that one year of good conduct credit be restored, presumably affecting the date he would be (was) released from prison. Petitioner does not suggest any collateral consequences that would extend beyond his release date, and he has not sought leave to plead anew. Therefore, it appears that the petition should be dismissed as moot.

**Exhaustion of Administrative Remedies**

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." ***O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).** "[S]tate prisoners must give the state court one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." ***Id.*;** *see also* **28 U.S.C. § 2254(c).** In *O'Sullivan v. Boerckel* the Supreme Court of the United States specifically addressed exhaustion under Illinois' two-tiered appellate process, holding that issues must be raised not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review (except under a limited number of special circumstances, which are not applicable to this case). ***O'Sullivan*, 526 U.S. at 843-846.**

More to the point, the "fair presentment" doctrine requires that a petitioner give state courts a meaningful opportunity to pass upon the substance of the claims later pressed in federal court. ***Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999).** For a constitutional claim to be fairly presented to a state court, both the operative facts and the "controlling legal principles" must be submitted. ***Picard v. Connor*, 404 U.S. 270, 277 (1971).** "At bottom, the task of the habeas court in adjudicating any issue of fair presentment is assessing, in concrete, practical terms, whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." ***Verdin v. O'Leary*, 972 F.2d 1467, 1476 (7th Cir. 1992).**

There is a second way a claim may be procedurally defaulted– "[i]n general, federal courts 'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to

support the judgment.'" *Aliwoli v. Gilmore*, 127 F.3d 632, 635 (7th Cir. 1997) (*citing Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). In the *habeas* context, this doctrine applies to bar consideration of any of a petitioner's federal claims which a state court declined to address because the petitioner failed to meet a state procedural requirement. *See Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000). To be an adequate ground of decision, the state's procedural rule must be both "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (quoting *James v. Kentucky*, 466 U.S. 341, 348 (1984); *see also Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000). In order for this doctrine to apply, the last state court rendering judgment must rest its judgment on procedural default and make a plain statement that it was relying either alone, or in the alternative, on the state procedural bar. *Harris v. Reed*, 489 U.S. 255, 265 (1989). However, no procedural default occurs if the state court's alternative finding constitutes a finding on the merits. *Robertson v. Hanks*, 140 F.3d 707, 709 (7th Cir. 1998).

Although no procedural default occurs if the state court's alternative finding constitutes a finding on the merits, the fact that a state court addresses the merits of a petitioner's federal claim in an alternative holding does not automatically eliminate the procedural bar. *See Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989) ("a state court need not fear reaching the merits of a federal claim in an alternative holding"); *Jenkins v. Nelson*, 157 F.3d 485, 491 (7th Cir.1998) ("in order to foreclose review on habeas, the state court must actually state in plain language that it is basing its decision on the state procedural default and that other grounds are reached only in the alternative").

On September 30, 2001, petitioner was charged with secretly trying to mail a letter to another inmate by falsely labeling it as "legal mail."  **(Doc. 11, Exhibit D).**   Petitioner asserts that he was "set up" by another inmate.  **(Doc. 1, p. 10 (as numbered in CM/ECF)).**  In the present petition, and in all other related proceedings to date, petitioner contends the October 2001disciplinary proceedings were flawed, in that the Adjustment Committee:

1. arbitrarily refused to disclose material, exculpatory evidence;

2. arbitrarily refused to view the letter in question and compare it to other samples of petitioner's handwriting;

3. Failed to given petitioner a fair and impartial hearing; and

4. Arbitrarily failed to provide an adequate written explanation of the rationale for its decision.

**(Doc. 1, pp. 3-5 (as numbered in CM/ECF)).**

Petitioner pursued a grievance through the Department of Corrections' system, to no avail.  **(Doc. 11, Exhibits F, G and H).**  He then filed a Section 2254 petition in this District, similar to the one at bar.  **(Doc. 11, Exhibit I (*Perez v. Snyder*, 02-173-JPG (S.D.Ill. 2002)).** United States District Judge J. Phil Gilbert dismissed the petition upon threshold review, finding that petitioner had failed to exhaust administrative remedies because he had not pursued a *mandamus* action through the Illinois state courts, in accordance with 735 ILCS 5/14-101 et seq. **(Doc. 11, Exhibit J).**

Rather than file an action for *mandamus*, petitioner sought a common law writ of *certiorari*, which was dismissed by the Circuit Court of Alexander County for failure to state a cause of action.  **(Doc. 11, Exhibits K and L).**  The circuit court did not elaborate on its single-sentence order.  The Court of Appeals for the Fifth Circuit affirmed the dismissal.  **(Doc. 11,**

**Exhibit C).** In its Rule 23 order, the appellate court offered an exhaustive analysis of the inapplicability of administrative remedies and the Illinois Administrative Procedure Act, explaining:

> A complaint for *mandamus* relief is the route by which inmates may seek to remedy alleged improprieties in DOC disciplinary proceedings. Such proceedings do not entail the court's direct review of the merits of the case but, rather, allow the court to ascertain solely whether the proceedings properly conformed to the rules for the imposition of discipline set out [at 730 ILCS 5/3-8-7]. While *mandamus* may issue to compel DOC to exercise its discretion, it will not issue to direct or alter the manner in which discretion is exercised. Consequently, even if petitioner had filed a complaint for *mandamus* relief in this instance, he would not have prevailed.

**(Doc. 11, Exhibit C, pp. 11-12 (internal citations omitted)).** The appellate court went on to analyze each of petitioner's due process arguments, finding none of them persuasive. **(Doc. 11, Exhibit C, pp. 12-13).** The appellate court ultimately concluded there was an adequate basis for the circuit court's decision, because "writs of common law *certiorari* are not available for the direct review of the merits of DOC disciplinary decisions." **(Doc. 11, Exhibit C, p. 14).** Petitioner's motion for leave to appeal to the Illinois Supreme Court was denied. **(Doc. 11, Exhibits O and P).** Petitioner then filed a motion for leave to file a petition for writ of *habeas corpus* with the Illinois Supreme Court, which was also denied. **(Doc. 11, Exhibits Q and R).**

A year later, in January 2005, petitioner filed a motion for leave to file a *mandamus* action in the Circuit Court for Sangamon County, which was dismissed on motion by the State. **(Doc. 11, Exhibits S, T and U).** An appeal is still pending, according to the State. **(Doc. 11, p. 5 and Exhibit V).**

Clearly, petitioner has never pursued a *mandamus* action all the way through the state court system as required. However, petitioner attempts to skirt that procedural default by noting

that the appellate court's Rule 23 order fully addressed his due process arguments, and the Illinois Supreme Court declined to review that decision.  **(Doc. 19**; *see Robertson v. Hanks*, **140 F.3d 707, 709 (7th Cir. 1998))**.  This argument fails because the appellate court made clear that its decision was based on procedural flaws– the inapplicability of the Illinois Administrative Procedure Act, and the fact that writs of common law certiorari are not available for direct review of the merits of disciplinary decisions.  **(Doc. 11, Exhibit C, p. 14;** *see Jenkins*, **157 F.3d at 491).**  The state appellate court's analysis of the merits of the due process issues was merely along the lines of an analytical aside, not the ultimate basis for decision.  Therefore, petitioner has procedurally defaulted his due process claims and failed to exhaust administrative remedies as required by Section 2254(c) and *O'Sullivan v. Boerckel*.  Petitioner has offered no cause or prejudice or other explanation for the procedural default and failure to exhaust administrative remedies, so no further analysis of the merits of the due process issues is warranted.

### Recommendation

For the aforestated reasons, it is this Court's recommendation that respondent's motion to dismiss **(Doc 11)** be granted and petitioner Edwin Perez's petition for relief pursuant to 28 U.S.C. § 2254 **(Doc. 1)** be denied in all respects.  It is further recommended that dismissal be based on the procedural default and failure to exhaust administrative remedies, rather than due to mootness, because the exhaustion requirement is a procedural prerequisite and the mootness issue was merely raised *sua sponte*.  Dismissal should be without prejudice.

**Submitted: February 8, 2006**

                                                **s/ Clifford J. Proud**
                                                **CLIFFORD J. PROUD**

                    **U. S. MAGISTRATE JUDGE**

<u>**Notice of Response Deadline**</u>

 In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **February 28, 2006**.